82

Stillwater Worsted Co. ⎫
     vs. ⎬ Eq. No. 4292
William Tinkham Co. ⎭

January 19, 1918

TANNER, P. J. This is a bill in equity brought to reform a lease and restrain an action of ejectment based upon the construction of the lease claimed by the defendant company.

The plaintiff company did, in the first instance, secure an option from the defendant company for a lease of numbers 1, 2 and 3 mills of the defendant company, and also the upper floor of mill number 4, of the defendant company, for a term corresponding to the remainder of the term of a lease with extension option already held by a New York Company of the same name as the plaintiff company.

The plaintiff company claims that after an extension of this option they then entered into a new agreement, which was shortly afterwards put in writing, for a lease of the premises for three years with options, which would have made, if exercised, a ten year term. The plaintiff company claims that they desired this new arrangement for a lease for this extended term of ten years because it would conform to business associations and arrangements.

The lease sought to be reformed states the first term to be "for two years commencing on January 1, 1915, and ending on December 31, 1917." There is thus a claim of repugnancy between the words "two years" describing the term and the figures "from January 1, 1915, to December 31, 1917," which would make a three year term.

The defendant company, through its president and treasurer, Ernest Tinkham, claims that it never did or

83

never intended to give a lease for an initial term of more than two years. The defendant company also makes the point that Ernest Tinkham had no authority to so do.

It is true that by the mere virtue of his office as president and treasurer, he would not have such authority. We think, however, that it appears with sufficient clearness that he did exercise the right of making contracts for the company with acquiescence on the part of the company. He himself admits the extension of the first option given without any recorded vote by the company or any authority from anybody. It also clearly appears that he in many respects modified the lease in question without any official sanction from the company. He gave permission to erect a dye-house and to sub-let and to make various repairs or improvements about the property. He also, if our recollection is correct, made a subsequent lease of the whole of mill number 4 without any vote of the company. In other words, the defendant company appears to have been one of these close family corporations, where the president and treasurer acted informally for the company.

There are a number of corroborating circumstances which tend to show that both parties to the lease construe the term in accordance with the claim of the plaintiff company. The giving of the second lease for the whole of mill number 4 for a term which would end, with the exercise of renewal options, at the end of the same ten year period, as claimed by plaintiff's construction of the first lease, is a corroborating circumstance. So also the permission to erect the dye-house and to sub-let a part of the premises, given the day

before the expiration of the two year term claimed by the defendant company, is a corroborating circumstance. There are circumstances detailed in the evidence and urged by the plaintiff company in its brief which might have more or less of the same effect.

On the whole we think that the plaintiff company has shown enough to warrant us in holding matters in statu quo until the case can be fully tried upon the pleadings and issues. The balance of convenience would also be somewhat in favor of the plaintiff company.

A preliminary injunction is therefore granted as prayed for.

For complainant: Murdock & Tillinghast.

For respondent: H. B. Agard and F. I. McCanna.